```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :    ECF CASE
JOSEPH A. PISANI,                        :
                                              05 Civ. 8189 (WCC)
                Plaintiff,               :

        - against -                      :    OPINION
                                              AND ORDER
STATEN ISLAND UNIVERSITY HOSPITAL,       :
ANTHONY C. FERRERI and PATRICK F.
McDERMOTT,                               :

                Defendants.              :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                          LOVETT & GOULD
                                          **Attorneys for Plaintiff**
                                          222 Bloomingdale Road
                                          White Plains, New York  10605

JANE BILUS GOULD, ESQ.

       Of Counsel

                                          EPSTEIN BECKER & GREEN, P.C.
                                          **Attorneys for Defendants**
                                          250 Park Avenue
                                          New York, New York  10177

DAVID O. SIMON, ESQ.
A. JONATHAN TRAFIMOW, ESQ.
TRACEY A. CULLEN, ESQ.

       Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Joseph A. Pisani brings this state law defamation action against defendant Staten Island University Hospital ("SIUH"), as well as defendants Anthony C. Ferreri and Patrick F. McDermott in their individual and official capacities (collectively, "defendants"). This Court's jurisdiction is predicated on diversity, pursuant to 28 U.S.C. § 1332(a)(1). Presently before the Court is defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(3) and 12(b)(6), or in the alternative, to transfer venue. For the reasons contained herein, this Court grants defendants' motion to transfer venue to the United States District Court for the Eastern District of New York (the "Eastern District") pursuant to 28 U.S.C. § 1404(a).

**DISCUSSION**

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether venue should be transferred courts examine the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Cerussi v. Union Coll.*, 144 F. Supp. 2d 265, 268 (S.D.N.Y. 2001) (Conner, J.). The court has broad discretion to balance these factors and to consider the evidence of convenience and fairness on a case-by-case basis. *See In re*

1

*Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Here, the interests of justice are better served by continuing this action in the Eastern District, where all defendants reside and all of the acts underlying the allegations occurred.

Plaintiff is a resident of New Jersey and former executive at SIUH. (Complt. ¶ 3; Defs. Mem. Mot. Dismiss at 23.) Defendant SIUH is a domestic not-for-profit corporation organized under New York law with its principal place of business in Staten Island, New York. (Complt. ¶ 4; Defs. Mem. Mot. Dismiss at 23.) Defendants Ferreri and McDermott are residents of New York, both residing in Staten Island, New York. (Complt. ¶¶ 5, 6; Defs. Mem. Mot. Dismiss at 23.) No party resides in the Southern District of New York, but all defendants and virtually all relevant documents are located in the Eastern District. Moreover, the Eastern District is the locus of the operative facts. It is, of course, significant that plaintiff consents to the transfer of venue. (Pl. Mem. Opp. Mot. Dismiss at 1.)

## CONCLUSION

Accordingly, the motion to transfer venue of defendants Staten Island University Hospital, Anthony C. Ferreri and Patrick F. McDermott is granted. Having so ruled, this Court need not resolve defendants' motion to dismiss. *See Clesi v. Zinc Corp. of Am.*, No. 00 Civ. 6786, 2001 WL 225241, at *3 (S.D.N.Y. Mar. 6, 2001). The Clerk of the Court is hereby directed to send a certified

copy of this Opinion and any original documents filed in this action to the Clerk of the Court for the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated: White Plains, New York
       February 27, 2006

*William C. Conner* (signature)
Sr. United States District Judge